# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MARTINEZ, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>EDGAR LORENZO GAMBOA VENEGAS, et al.,<br><br>　　　　　　　Defendants. | Case No.: 23-cv-0130-CAB-BGS<br><br>**ORDER GRANTING JOINT AMENDED PETITIONS FOR APPROVAL OF MINOR'S COMPROMISES [ECF NOS. 30, 31]** |

Pending before the Court are two Joint Amended Joint Petitions for Approval of Minor's Compromise filed by Plaintiffs J.M. and A.B., respectively, by and through their guardian ad litem, Andrew Martinez, and Defendant MD International Baja S De RL De CV. (Joint Am. Pets., ECF Nos. 30, 31.) Having reviewed the Joint Amended Petitions and supporting documents, and for the reasons discussed below, the petitions are **GRANTED**, and the minors' compromises are hereby **APPROVED**.

## I.　　BACKGROUND

On April 22, 2021, Plaintiffs Andrew Martinez, Desiree Bustamante, minor J.M., and minor A.B., filed a complaint in the Superior Court of California, County of San Diego. (ECF No. 1-4 at 2-5.) Plaintiffs asserted state law claims for property damage and personal injury arising from a motor vehicle accident that occurred on October 12, 2019,

near Camp Pendleton in San Diego County. (*Id.* at 2, 5.) Plaintiffs allege that Defendant Edgar Lorenzo Gamboa Venegas was operating a motor vehicle during the course of his employment with Defendant MD International Baja S De RL De CV (erroneously sued as MD International Baja) at the time of the accident. (*Id.* at 5.) On January 24, 2023, Defendant MD International Baja S De RL De CV removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1.)[1]

On July 10, 2023, Plaintiffs filed an Ex Parte Motion to File Attachments to Minors' Compromise Petitions Under Seal. (ECF No. 14.) The motion indicated that a settlement had been reached with respect to minors J.M. and A.B. (*Id.*) On July 18, 2023, the Court issued an Order (1) Regarding Petition for Approval of Minor's Compromise and (2) Denying Ex Parte Motion to File Attachments to Minors' Compromise Petitions Under Seal. (ECF No. 15.) On August 1, 2023, following the directives in the Court's July 18, 2023 Order, Plaintiffs filed petitions for appointment of guardian ad litem on behalf of A.B. and J.M. (ECF Nos. 16, 17.) On August 2, 2023, pursuant to the parties' consent, the Honorable Cathy Ann Bencivengo referred this case to the undersigned for purposes of reviewing the minors' compromises. (ECF No. 21.) On August 9, 2023, this Court granted the petitions for appointment of guardian ad litem and appointed Andrew Martinez as the guardian ad litem for the minor plaintiffs. (ECF Nos. 22, 23.)

On August 30, 2023, the parties filed Joint Amended Petitions for Approval of Minor's Compromise with respect to Plaintiffs J.M. and A.B., respectively. (ECF Nos. 30, 31.)

/ / /

/ / /

---

[1] Although Defendant Venegas has not appeared in this action, he is a party to the settlement. *See* Joint Am. Joint. Pets., Ex. A, ECF No. 30 at 8 & ECF No. 31 at 8) (defining "Defendants" as including "MD International Baja S De RL De CV and Edgar Lorenzo Gamboa Venegas, their representatives, officers, directors, agents, insurers, and attorneys, family members, ancestors, heirs, and executors, and any related persons and/or entities involved or alleged to have been involved in any way in the Accident, whether known or unknown").

## II. LEGAL STANDARD

Local Civil Rule 17.1 addresses settlements involving minors:

> **Order of Judgment Required.** No action by or on behalf of a minor or incompetent, or in which a minor or incompetent has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment. All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue. The parties may, with district judge approval consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c) for entry of an order approving the entire settlement or compromise.

S.D. Cal. Civ. R. 17.1(a).

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In *Robidoux*, the Ninth Circuit established that district courts reviewing the settlement of a minor's federal claim should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases. *Id.* at 1181-82. District courts should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiff's counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

The Ninth Circuit limited its holding in *Robidoux* "to cases involving the settlement of a minor's federal claims" and did "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement

of a minor's state law claims." *Id.* at 1179 n.2. Under California law, the court is tasked with evaluating the reasonableness of the settlement and determining whether the compromise is in the best interest of the minor. *See A.M.L. v. Cernaianu*, No. LA CV12-06082 JAK (RZx), 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014) (citations omitted). The California Probate Code "bestows broad power on the court to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382, 28 Cal. Rptr. 2d 613 (Cal. Ct. App. 1994) (analyzing Cal. Prob. Code § 3601). District courts are split on whether the *Robidoux* standard applies to the evaluation of a minor's compromise regarding state law claims. *See DeRuyver v. Omni La Costa Resort & Spa, LLC*, Case No.: 3:17-cv-0516-H-AGS, 2020 WL 563551, at *2 n.1 (S.D. Cal. Feb. 4, 2020) (citing cases). "[H]owever, it is not necessary for the Court to resolve the question of whether *Robidoux* or state rules apply. The outcome is the same." *Castro v. United States*, Case No. 19-cv-02240-AJB-JLB, 2022 WL 594545, at *2 (S.D. Cal. Feb. 28, 2022) (collecting cases); *see also A.M.L.*, 2020 WL 7130506, at *2 (finding it unnecessary to resolve whether *Robidoux* or state rules applied to the approval of a minor's compromise where the proposed settlement would satisfy both standards). Courts in this district exercising diversity jurisdiction over state law claims have found *Robidoux* persuasive in providing a framework for evaluating the reasonableness and fairness of the settlement. *See DeRuyver*, 2020 WL 563551, at *2; *see also Lobaton v. City of San Diego*, Case No. 3:15-cv-1416-GPC-DHB, 2017 WL 2610038, at *2 (S.D. Cal. June 16, 2017) (relying on *Robidoux* as a framework when exercising supplemental jurisdiction over a state law claim).

### III.   DISCUSSION

The parties have agreed to settle J.M.'s claim for $2,000. (ECF No. 30 at 2.) Plaintiff sought treatment with her primary care physician on one occasion, six days following the accident, with complaints of pain in her left leg, starting from the left knee leading down her leg. (*Id.*) She was prescribed Ibuprofen to take as needed over a two-

week course. (*Id.*) J.M. underwent x-ray imaging of her left leg, ankle, and foot on October 29, 2019, which ruled out any fractures. (*Id.*) J.M. has fully recovered from her injuries and has not sustained any permanent injuries, pain, or suffering. (*Id.*) Her medical expenses have been reduced to a total of $161.99, with $120.06 payable to Adoracion Reyes, M.D., and $41.93 payable to the Department of Health Care Services. The net amount to be distributed on J.M.'s behalf is $1,223.01, following deductions of $161.99 in medical expenses, $500.00 for attorney's fees, and $115.00 in costs. (*Id.* at 4.) Upon consideration of the facts of the case, Plaintiff's claims, and recoveries in similar actions, the Court finds the net amount of the settlement to be fair, reasonable, and in the minor's best interests considering the facts and circumstances of this action.

The parties have agreed to settle A.B.'s claim for $1,000. (ECF No. 31 at 2.) Plaintiff sought treatment with her primary care physician on one occasion, six days following the accident, with complaints of pain in her left leg and ankle. (*Id.*) She was prescribed Ibuprofen as needed and instructed to return if her symptoms persisted. (*Id.*) A.B. has fully recovered from her injuries. (*Id.*) No medical provider is seeking reimbursement for medical services rendered. (*Id.*) The net amount to be distributed on A.B.'s behalf is $620.00, following deductions of $250.00 for attorney's fees and $130.00 in costs. (*Id.* at 4.) Upon consideration of the facts of the case, Plaintiff's claims, and recoveries in similar actions, the Court finds the net amount of the settlement to be fair, reasonable, and in the minor's best interests considering the facts and circumstances of this action.

In addition to assessing whether the settlement is fair and reasonable, the Court, under California law, must approve the attorney's fees and costs to be paid for representation of a minor. *See* Cal. Prob. Code § 3601. Where counsel represents a minor on a contigency fee basis, attorney's fees are generally limited to 25% of the gross recovery. *See Doe v. Lincoln Military Prop. Mgmt., LP*, Case No.: 3:20-cv-00224-GPC-AHG, 2020 WL 5810168, at *3 (S.D. Cal. Sept. 30, 2020). Here, Plaintiffs' counsel requests exactly 25% of each settlement amount. Under the facts and circumstances of

this action, the requested attorney's fees are reasonable. Additionally, the Court finds that the costs incurred by Plaintiffs' counsel, which are relatively minimal, are reasonable.

Finally, under California law, settlement proceeds less than $5,000.00 may be paid or delivered to a parent entitled to the custody of the minor or to the guardian of the minor's estate, to be held in trust for the minor until the minor reaches majority, if certain requirements are satisfied: (1) the total estate of the minor, including the money to be paid or delivered to the parent or guardian, does not exceed $5,000.00 in value, and (2) the parent or guardian to whom the money is to be paid or delivered gives the person making the payment or delivery written assurance, verified by oath, that the total estate of the minor, including the money to be paid or delivered to the parent, does not exceed $5,000.00 in value. Cal. Prob. Code §§ 3401, 3611(e).

## IV.   CONCLUSION

For the reasons set forth above, the Joint Amended Petitions for Approval of Minor's Compromises are **GRANTED**.

1. The compromise and terms of the settlement as set forth in the Amended Petitions are in the best interests of J.M. and A.B. and are hereby approved.

2. Guardian ad litem Andrew Martinez is authorized to enter into the settlement on behalf of Plaintiff J.M. and pay $161.99 in medical expenses ($120.06 to Adoracion Reyes, M.D., and $41.93 to Department of Health Care Services), attorney's fees in the amount of $500.00, and costs in the amount of $115.00 out of the gross settlement amount of $2,000.00.

3. Guardian ad litem Andrew Martinez is authorized to enter into the settlement on behalf of Plaintiff A.B. and pay attorney's fees in the amount of $250.00 and costs in the amount of $130.00 out of the gross settlement amount of $1,000.00.

4. The net recovery to Plaintiff J.M. of $1,223.01 in settlement of this matter shall be delivered without bond to guardian ad litem Andrew Martinez, J.M.'s father, and Oakwood Legal Group, LLP, 8124 West 3rd Street, 2nd Floor, Los Angeles, CA 90048,

to be held in trust until J.M. reaches the age of majority, upon the terms and conditions specified in California Probate Code § 3401.

5. The net recovery to Plaintiff A.B. of $620.00 in settlement of this matter shall be delivered without bond to guardian ad litem Andrew Martinez, A.B.'s grandfather and legal guardian, and Oakwood Legal Group, LLP, 8124 West 3rd Street, 2nd Floor, Los Angeles, CA 90048, to be held in trust until A.B. reaches the age of majority, upon the terms and conditions specified in California Probate Code § 3401.

**IT IS SO ORDERED**.

Dated: September 7, 2023

Hon. Bernard G. Skomal
United States Magistrate Judge